UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LEAH MELISSA REDMOND,**

        **Plaintiff,**

v.                                                                  **Case No: 6:19-cv-1690-EJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

### ORDER[1]

This cause comes before the Court on Attorney Richard A. Culbertson's Supplemental Unopposed Request for Authorization to Charge a Reasonable Fee (the "Motion"), filed February 15, 2023. (Doc. 26.) Therein, Mr. Culbertson requests leave to charge his client, Leah Melissa Redmond, an additional reasonable fee in the amount of $4,880.25, pursuant to 42 U.S.C. § 406(b). (*Id.* at 1.) For the reasons set forth below, the Motion is due to be granted.

**I.   BACKGROUND**

Richard A. Culbertson, Esq. ("Counsel") successfully represented Plaintiff in a Social Security appeal in which Plaintiff was awarded past due benefits in the amount of $92,933.00 by the Social Security Administration. (Doc. 26 ¶ 2.) Thereafter,

---

[1] On January 10, 2020, the parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 11.) Accordingly, the case was referred by an Order of Reference on January 16, 2020. (Doc. 14.)

Counsel requested leave to charge Plaintiff attorneys' fees, pursuant to the contingency fee agreement (the "Agreement") the parties entered into prior to the initiation of this action and 42 U.S.C. § 406(b). (Doc. 29.) The Agreement provides Plaintiff would pay Counsel a fee of 25% of the total amount of past-due social security benefits ultimately awarded to Plaintiff or Plaintiff's beneficiaries. (Docs. 26-1.) Ultimately, Counsel collected a total of $17,156.11 pursuant to § 406(b). (Doc. 26 ¶ 4.)

Thereafter, the Social Security Administration awarded Plaintiff additional past due benefits in the amount of $19,521.00. (Doc. 26-4.) Counsel now moves to collect $4,880.25, representing 25% of the additional past due benefits. (Doc. 26 ¶ 5.) The Motion is unopposed.

## II.  STANDARD

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). The Eleventh Circuit has held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).

## III. DISCUSSION

### A. Fee Award Under § 406(b)

Since Plaintiff was awarded past-due benefits following remand (Doc. 26-2), the Court may award attorney's fees under § 406(b). Counsel requests an award of $4,880.25 in attorneys' fees, which is 25% of the additional past due benefits awarded to Plaintiff. (Doc. 26 ¶ 5.) In *Jackson v. Commissioner of Social Security*, 601 F.3d 1268 (11th Cir. 2010), the Eleventh Circuit held that "[a]lthough an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request." *Id.* at 1274. Here, the Court already deducted the EAJA fee when it previously awarded Counsel § 406(b) fees. (*See* Doc. 25.) Therefore, the undersigned will not deduct the EAJA fee award from the supplemental reasonable fee award under §406(b).

### B. Reasonableness of Contingent Fee

To evaluate an attorney's § 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). In *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363 (N.D. Ga. 2005), the Northern District of Georgia applied the following analysis:

> In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, *inter alia*, the character of the attorney's representation and the results achieved. The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness.

*Id.* at 1365 (citations omitted). Courts in the Middle District of Florida have adopted this analysis. *See, e.g.*, *Quintana v. Comm'r of Soc. Sec.*, No. 6:18-cv-1267-Orl-LRH, 2020 WL 7865594, at *2 (M.D. Fla. June 1, 2020); *Whitaker v. Comm'r of Soc. Sec.*, No. 6:06-cv-1718-Orl-18KRS, 2008 WL 4710777, at *3 (M.D. Fla. Oct. 23, 2008); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008).

The Agreement demonstrates that Plaintiff agreed to pay attorney's fees equal to 25% of the total past-due benefits to which she was entitled. (Doc. 26-1.) The Commissioner does not object to the amount of fees requested. (Doc. 26 at 3.) Additionally, Counsel is well-known in the area of social security law and devotes a large portion of his practice to representing social security claimants. Counsel also recovered a substantial sum of past-due disability payments for Plaintiff. Further, Counsel represents that he and his associate, Sarah Jacobs, Esq., spent a total of 20.0 hours on Plaintiff's case before this court. (*Id.* ¶ 6.) After reviewing the Motion, the contingency fee agreement, the character of the representation and the results obtained, the undersigned finds that an award of $4,880.25 is reasonable.

## IV.  CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** that:

1. The Motion for Attorney's Fees (Doc. 23) is **GRANTED**.

2. Counsel is **AUTHORIZED** to charge and collect from Plaintiff the sum of $4,880.25 in § 406(b) fees.

**DONE** and **ORDERED** in Orlando, Florida on March 3, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE